**SUMMONS ISSUED**

CV 12 3851

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S DISTRICT COURT E.D.N.Y

★ AUG 0 3 2012 ★

LONG ISLAND OFFICE

BIANCO, J.
LINDSAY, M

ROBERT NOVAK,

    Plaintiff,

  vs.

    Defendants,

Eagle Auto Mall Corp., Eagle Auto Mall Sales, Teachers Federal Credit,  Kia Motors Finance, Ally Financial Inc., Chase Auto Finance Corp, Santander  Consumer  USA d/b/a Drive Financial Services.

Case No.:

CIVIL ACTION

DEMAND FOR JURY TRIAL

## COMPLAINT

Robert Novak (hereinafter "Plaintiff") Upon information and belief, Plaintiff alleges that all the Defendant's are responsible for the wrongful acts alleged herein and are responsible for the injuries and damages caused to Plaintiff.

## JURISDICTION

Pursuant to **pursuant to 15 U.S.C. § 1681 et seq., the "Fair Credit Reporting Act (FCRA)** 28 U.S.C. §1331 and this court has subject matter jurisdiction in the form of a federal question and *1367(a)* on the State law claims.

## VENUE

Venue is appropriate in this court under 28 U.S.C. §§ 1391(b-c) and 1395(a) because a substantial amount of the acts and omissions giving rise to this lawsuit occurred in this district. Defendant's Eagle Auto Mall Corp., Eagle Auto Mall Sales, Teachers Federal Credit,  Kia Motors Finance, Ally Financial Inc., Chase Auto Finance Corp, Santander Consumer USA d/b/a

Drive Financial Services, conducted and engaged in substantial, systematic, and continuous business activities herein New York.

## PARTIES

Eagle Auto Mall Corp., and Eagle Auto Mall Sales Inc, (a/k/a 700 Credit/Eagle Auto) are domestic corporations organized and existing under the laws of the State of New York, located at 1320 OLD CONTRY RD. RIVERHEAD, NY 11901

Teachers Federal Credit Union, organized and existing under the laws of the State of New York 2410 N OCEAN AVE. FARMINGVILLE, NY 11738 and 102 Motor Parkway in Hauppauge, NY, and at all times relevant hereto, regularly conducted business in New York.

Kia Motors Finance a/k/a KIA MOTORS AMERICA, INC. 111 PETERS CANYON RD IRVINE, CALIFORNIA, 92606 a foreign corporation authorized to do business in the State of New York, and continues to conduct business, and at all times relevant hereto, regularly conducted business in New York.

ALLY FINANCIAL INC., 200 RENAISSANCE CTR. DETROIT, MICHIGAN, 48265 a foreign corporation authorized to do business in te State of New York, and continues to conduct business, and at ail times relevant hereto, regularly conducted business in New York.

Chase Auto Finance Corp, a foreign corporation authorized to do business in the State of New York located at 900 STEWART AVE., GARDEN CITY, NY 11530, and continues to conduct business, and at all times relevant hereto, regularly conducted business in New York.

Santander Consumer USA Inc. d/b/a Drive Financial Services. a foreign corporation authorized to do business in the State of New York located at 8585 NORTH STEMMONS FRWY., STE 1100 N., DALLAS, TEXAS, 75247, and continues to conduct business, and at all times relevant hereto, regularly conducted business in New York.

Robert Novak a consumer resides in Suffolk County New York.

## FACTUAL BACKGROUND

1. Plaintiff entered into a **phone order** purchase agreement (*Looking at exhibit "A" lower left of form it was clearly written "phone order", it is also unsigned*) with Eagle Auto Mall Corp. and or and Eagle Auto Mall Sales (herein after collectively Eagle) on or about April 19, 2012 for a new 2011 Mazda. That order was not signed by Plaintiff. See Exhibit "A", Plaintiff desired to make the purchase without financing but was coerced by an offer of *zero interest finance* from Mazda Direct thru Defendant Eagle. It was agreed provided that Eagle would make only one thru Mazda exclusively as the only credit inquiry made to preserve Plaintiffs credit by not running multiple HARD credit inquiries. <u>This point was made abundantly clear to the salesmen, sales manager and credit manager employed by Eagle.</u>

2. Eagle obtained Plaintiff's credit report themselves two times on April 20th 2012 without my knowledge or authorization implied or written. (it should be noted that Eagle is not a lender) Eagle had no meaningful reason or need to do Thereafter, without authorization or knowledge of Robert Novak (herein after RN) six other lending institutions made twelve credit inquiries as plaintiffs credit report indicates. See Exhibit "B"

On April 20th Defendant Chase bank, ran a report

On April 25th Defendant Chase bank, ran two more reports, again the same Defendant ran three additional reports on April 30th . Therefore, **Chase ran a total of six credit reports**.

On April 25th Defendant Teachers Federal Credit pulled a credit report.

On April 25th Defendant Kia Motors pulled a credit report.

On April 30 th Defendant Ally Financial pulled a credit report.

On April 30 th Defendant Stander Auto pulled a credit report.

On April 30 th AmeriCredit pulled a credit report. Upon Plaintiffs request they determined that the application was submitted without my knowledge in a fraudulent manor and requested the appropriate reporting agencies to remove their inquiries. Moreover, regretting that Plaintiff was a victim. See exhibit "C".

3. A total of 14 HARD credit inquiries were made to the CRA's, two have since been removed by Americredit.

4.All Defendants' were sent similar requests on or about April 30th. Defendant Teachers replied on May 21st failing to provide copies of any written authorization by Plaintiff but stated an application was submitted *indirectly* thru Eagle declining to remove their inquiries, suggesting I seek such authorization from Eagle. Eagle replied claiming they had verbal authorization. See exhibit "D" for both replies.

5.Plaintiff did not receive a response from the remaining Defendants.

6.Plaintiff was advised by a salesman at Eagle a loan was approved for 9%, Plaintiff declined seeking the zero interest rate first offered and promised. He said he would see if he could get that zero interest rate, later informing RN that the 9% offer was withdrawn and the best rate was now 20%.

7.Plaintiff canceled the sale & was refunded his deposit.

8.Plaintiff is a subscriber to a credit service company that monitors any activity on his credit. Plaintiff received an alert on April 30th that several institutions had accessed his credit, without his written authorization.

9.A total of not less than fourteen (14) HARD credit inquiries to Trans Union, Experian and Equifax see exhibit "B". All of the Defendants' were mailed a request for removal for example Exhibit"E".

These negative credit references in RN's credit reports will indicate to future entities that may extend credit that RN is poor credit risk when in fact he is not. RN even if approved will pay higher interest rates or denied in many ways.

**Had the defendants complied as did Americredit in removing their CRA's inquiries, Robert Novak could have avoided the action herein**.

### COUNT ONE
### FALSE LIGHT
(Against all Defendants')

Plaintiff re-alleges and reincorporates each and every allegation contained in the General Allegations and all previous paragraphs of all previous sections and Causes of Action in this Complaint, inclusive, as though fully set forth herein.

11. The Defendants furnished inaccurate information to the three major credit reporting agency as follows: Trans Union, Experian and Equifax (" hereinafter CRA").

Defendants   knowingly submitted false and inaccurate information which did not reflect the Plaintiff's true and factual authorized credit history. Defendant's knew or should have known that their willful inquiries without specific written authorization is a misrepresentation to the CRAs as such would have an adverse effect on Plaintiff's credit rating, destroy his ability to obtain credit for the length of at least 2 years time or as such inquires remain on the CRA reports, resulting in  paying higher interest rates for any future lending due the fact that such inquiries reduce my credit score and also would affect my ability to find gainful employment or rent property.

12. Defendants knew or should have known the detrimental effects such false information being made available to the public would cause Plaintiff. Defendants presented Plaintiff in a false light when they disseminated highly prejudicial, false, and inaccurate information in a public forum. Defendants' actions were negligent, and their refusal to retract the inquiries they submitted to the CRAs show a callous indifference to the harm it caused Plaintiff to experience. Plaintiff already possesses clear and convincing evidence the Defendants knew the publication would create a false impression regarding Plaintiff's inquiry history and cause him irreparable harm.

13. As a direct and proximate cause of the Defendants presenting the Plaintiff in a false light Plaintiff  has endure a great amount of  emotional stress, and financial hardship. Plaintiff contends Defendants' actions were so egregious that a reasonable person subjected to the same circumstances would also be highly offended by such conduct.

14. One of the basic principles of agency laws states that the principle becomes vicariously liable for all acts of its agent. Eagle failed to supervise or correct the errors and misrepresentation of its agent the lending banks.  Plaintiff, alleges Eagle is culpable for breach of the contract and therefore is liable for damages incurred by Plaintiff as a direct and proximate cause of all Defendants misrepresentations, omissions, and negligence.

**COUNT TWO**
**FALSE PROMISE**
(Against Defendant Eagle)

15.Plaintiff re-alleges and reincorporates each and every allegation contained in the General Allegations and all previous paragraphs of all previous sections and Causes of Action in this Complaint, inclusive, as though fully set forth herein.

16.Eagle knew their promise was of critical importance to RN.  RN informed Eagle and ir's staff that he planned on future lending both for business and personal needs. It was imperative his credit history not have more than one hard inquiry with the CRA's .

17.Eagle was made aware of the importance of keeping their promise to only report one inquiry. Eagle assured the Plaintiff that they would keep their promise. Neither Eagle nor, its affiliated lenders made good on their promise to the RN.

18.Eagle made a promise to RN that a zero percent auto loan be easily obtained due to their relationship with Mazda credit as a Mazda dealer.

19.Eagle's actions were a direct and approximate cause of harm to RN.


**COUNT THREE**
**VIOLATION OF  THE FAIR CREDIT REPORTING ACT (15 USC§1681)**
(Against all Defendant's)

20.Plaintiff re-alleges and reincorporates each and every allegation contained in the General Allegations and all previous paragraphs of all previous sections and Causes of Action in this Complaint, inclusive, as though fully set forth herein.

21.Plaintiff is a consumer within the meaning of 15 USC §1692a(3).   A "consumer report" is a written, oral, or other communication of any information to a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, in establishing the consumer's eligibility for the extension of credit and employment purposes.

22.A consumer reporting agency includes in its public reports more than credit history reporting as well as other credit worthy information. Private investigators and persons and agencies that perform employee background checks qualify as well.

**Requirement For Furnishers To Update Records**:

23.Defendants are corporations who regularly furnish information to the CRAs. Under the Fair Credit Reporting Act ("hereinafter FCRA"), 15 USC §1681s-2. Furnishers must change records, delete records, or permanently block reported information that is found to be inaccurate or incomplete. Defendants violated 15 USC §1681 by refusing to correct the reporting errors it submitted to the CRAs even after the Plaintiff brought the errors to Defendants attention.

24. Instead of retracting the unauthorized inquiries and removing the inaccurate furnished in the April 2012 CRA reports, Defendants elected to violate the law by failing to comply with the requirements imposed under FCRA, including but not limited to, *failing to follow reasonable procedures to assure maximum possible accuracy* of the information reported to the CRA's regarding Plaintiff's.

25.Defendants continued to harm Plaintiff by accessing his credit without his knowledge and consent. Consumer law prohibits Defendants or any for that matter anyone from accessing Plaintiff's credit report without his prior written consent.

26.The Fair Isaac credit scoring model is used in the credit reporting industry to generate a consumer credit scores based on information obtain about a consumer. Scores are determined by different factors which are calculated as percentages. Defendant's negatively impacted Plaintiff's credit score in the following areas: making multiple hard credit inquiries.

27.Chase bank making five inquiries is the worst offender in this regard, why would any competent credit officer make so many?

28.As a result of Defendant's violations of the FCRA, RN's future lending approvals and rates will be impaired. His personal and business reputations have been severely tarnished. Defendants were a direct and proximate cause of harm to the Plaintiff.

**COUNT FOUR**

**Violation of 15 U.S.C. §1681b**

(Against All Defendant's )

28.Plaintiff re-alleges and reincorporates each and every allegation contained in the General Allegations and all previous paragraphs of all previous sections and Causes of Action in this Complaint, inclusive, as though fully set forth herein.

29.Defendants violated 15 U.S.C. §1681b by not following those requirements.

15 U.S.C. §1681b. Permissible purposes of consumer reports
(a) In general
    Subject to subsection (c) of this section, any consumer reporting agency may furnish a consumer report under the following circumstances and no other:
    (2) In accordance with the written instructions of the consumer to whom it relates.

(c) Furnishing reports in connection with credit or insurance transactions that are not initiated by consumer
(1) In general
A consumer reporting agency may furnish a consumer report relating to any consumer pursuant to subparagraph (A) or (C) of subsection (a)(3) of this section in connection with any credit or insurance transaction that is not initiated by the consumer only if—

(A) the consumer authorizes the agency to provide such report to such person; or

(B)(i) the transaction consists of a firm offer of credit or insurance;

30.Defendant's breach of the terms of the original agreement was the direct and approximate cause of harm to Plaintiff.

## COUNT FIVE
## NEGLIGENT NONDISCLOSURE BY FIDUCIARY
(Against All Defendant's )

31.Plaintiff re-alleges and reincorporates each and every allegation contained in the General Allegations and all previous paragraphs of all previous sections and Causes of Action in this Complaint, inclusive, as though fully set forth herein.

32.A fiduciary relationship existed between the Plaintiff and the Defendant Eagle that required the highest good faith and the undivided service and loyalty. Defendant's possessed information material to Plaintiff's interest. Defendant knew or should have known that the unauthorized false information furnished to the CRAs was of material interest to Plaintiff ability to financing in the future.

33.Defendant's failed to disclose this material information to RN and concealed the fact they intended to request unauthorized loan requests to all the defendants.

34.This nondisclosure caused Plaintiff to suffer injury, damage, loss and harm. Defendants concealment of material facts was a direct and proximate cause of harm to the Plaintiff.

## COUNT SIX
## PROFESSIONAL NEGLIGENCE
### (Against Defendants)

35.Plaintiff re-alleges and reincorporates each and every allegation contained in the General Allegations and all previous paragraphs of all previous sections and Causes of Action in this Complaint, inclusive, as though fully set forth herein.

36.The Defendant had a legal duty to conform to a standard duty of conduct as all other lenders practicing in the same profession. The Defendants are automobile lenders that perform professional services for consumers.

37.Defendants failed to conform to the standard duty of conduct that all other lenders practicing in the same profession adhere to when accepting credit applications for loans; a written authorization to obtain a credit report.

38.Eagle without authorization of RN on April 20th and 25th 2012 had submitted RN loan to three banks on that same date. Again on April 30th 2012 went to three additional banks/lenders. This was done without the knowledge or authorization of RN.

## COUNT SEVEN
## BREACH OF CONTRACT
### (Against all Defendants')

39.Plaintiff re-alleges and reincorporates each and every allegation contained in the General Allegations and all previous paragraphs of all previous sections and Causes of Action in this Complaint, inclusive, as though fully set forth herein.

40.Plaintiff and Defendant Eagle entered into a purchase contract on April 16, 2012

41.Eagle breached the contract when it went to multiple banks/lenders window shopping RN auto loan. These actions on the part of Eagle was a dereliction of it duty to service, or,

insure that its employees and or agents properly filed Plaintiffs loan application to ONLY Mazda Credit.

42.All other defendant banks/lenders acted without the express written authorization to evaluate and obtain credit reports.

43.Plaintiff alleges that Defendants breach of the contract caused Plaintiff irreparable harm for which he should be compensated and for which the Defendants should be punished. Defendant's breach of the terms of the original agreement was the direct and approximate cause of harm to Plaintiff.

## COUNT EIGHT
## BREACH OF THE IMPLIED COVENT OF GOOD FAITH AND FAIR DEALING

44.Plaintiff re-alleges and reincorporates each and every allegation contained in the General Allegations and all previous paragraphs of all previous sections and Causes of Action in this Complaint, inclusive, as though fully set forth herein.

45.Defendants are subject to the principle of a Implied Covenant of Good Faith and Fair Dealing which is inherent in all contracts and loan agreements entered into in New York. A lender has a duty to exercise discretion in good faith within the standard of care and fair dealings.

46.As a result of the breach of the Implied Covenant of Good Faith and Fair Dealing as set forth above, Plaintiff has been damaged and seeks any and all compensation to which he is entitled as Defendants' actions resulted in the direct and proximate cause of harm to Plaintiff.

## COUNT NINE
### Deceptive acts and practices N.Y. GBS. LAW § 349
(Against all Defendant's)

46.Plaintiff re-alleges and reincorporates each and every allegation contained in the General Allegations and all previous paragraphs of all previous sections and Causes of Action in this Complaint, inclusive, as though fully set forth herein.

47.The actions of the Defendants, which is described above constitutes an is incorporated herein by reference, are engaged in a deceptive act or practice, that the challenged act or practice was consumer-oriented,

48.As a result of Defendants deceptive act and or practice in violation of §349 the plaintiff suffered an injury as a result there of. Plaintiff seeks all monetary relief to which he is entitled.

49.Plaintiff alleges that Defendant's illegal actions, unethical behavior, and callous attitude inflicted a tremendous amount of harm and hardship on Plaintiff. Defendant's actions have gone beyond the pale and should be considered worthy of not only the award actual and compensatory damages, but, also punitive and exemplary damages. Defendant's actions were the direct and proximate cause of harm to Plaintiff.

## COUNT TEN

### Violation of Article 25 – Fair Credit Reporting Act

50.Defendants knowingly and willfully obtained information from all the CRA's under false pretenses.

§ 380-c
  § 380-l. Civil liability for willful noncompliance. Any person, firm, partnership, corporation, or association whose knowing and willful violation of section three hundred eighty-s of this article resulted in the transmission or provision to a consumer reporting agency of information that would otherwise not have been transmitted or provided, and any consumer reporting agency or user of information who or which willfully and knowingly fails to comply with any requirement imposed under this article with respect to any consumer is liable to that consumer in an amount equal to the sum of:
  (a) Any actual damages sustained by the consumer as a result of such failure or as a result of a violation of section three hundred eighty-s of this article;
  (b) Such amount of punitive damages as the court may allow; and
  (c) In the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.
  § 380-m. Civil liability for negligent noncompliance. Any consumer reporting agency or user of information who or which is negligent in failing to comply with any requirement imposed under this article, other

than a violation of section three hundred eighty-t of this article, with respect to any consumer is liable to that consumer in an amount equal to the sum of:

(a) Any actual damages sustained by the consumer as a result of the failure;

(b) In the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

§ 380-o. Obtaining or introducing information under false pretenses; penalty. 1. Any person who knowingly and willfully obtains information concerning a consumer from a consumer reporting agency under false pretenses shall, upon conviction, be fined not more than five thousand dollars or imprisoned not more than one year, or both.

51. As a result of Defendant's violations of the FCRA, RN's future lending approvals and rates will be impaired. His personal and business reputations have been severely tarnished. Defendants were a direct and proximate cause of harm to the Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief on all counts against all Defendant's as follows:

(a) On Counts 1-10, for all compensatory, consequential, special, actual, incidental, statutory and general damages according to proof at trial.

(b) Defendants submission of a permanent letter of deletion to the CRAs which would instruct the CRAs to delete all inquiries reports made them relating to Plaintiff's credit file as well as remitting Plaintiff a copy of the deletion letter.

(c) Post judgment and prejudgment interest as allowed by law.

(d) For attorneys fees under and any other applicable statute and case law. All out of pocket attorneys fees and costs incurred.

(e) For all other relief that the Court deems just and proper.

(f) Demand for Jury trial.

(g) For cost of suit.

Dated this 3rd day of August 2012

Respectfully submitted by:

Robert Novak, Pro Se
P.O. Box 400
Calverton, NY 11933
Ph: 631.338.1048

EXHIBIT "A"

# Eagle Auto Mall Corp.

VOLVO *Dealer of Excellence*
VOLVO MAZDA CHRYSLER Jeep KIA
MAZDA *President's Award*
CHRYSLER

1320 Old Country Road / Route 58, Riverhead, New York 11901 • Sales: 631-727-0700 • Fax: 631-727-0436

| | |
|---|---|
| PURCHASER'S NAME | Robert Novak | DATE | 4/19 |
| PURCHASER'S ADDRESS | 200 So. Pouth PO Box 400 | SALESPERSON | Bill |
| CITY AND STATE | Calverton | ZIP CODE | 11933 |
| HOME PHONE | 807-1672 | BUS. PHONE | 338-1048 | E-MAIL | |

I ORDER AND AGREE TO PURCHASE FROM YOU, ON THE TERMS CONTAINED ON BOTH SIDES OF THIS AGREEMENT, THE FOLLOWING VEHICLE. ALL ORDERS SUBJECT TO PRESENT AND FUTURE GOVERNMENT REGULATIONS. READ OTHER SIDE.

☐ NEW ☑ USED ☐ DEMO
☐ PROGRAM CAR FLEET – LEASE – RENTAL

| VEHICLE: | YEAR 2011 | MAKE MAZDA | MODEL MIATA | BODY TYPE | STOCK NUMBER 11673A |
|---|---|---|---|---|---|
| COLOR Silver | INTERIOR Bl | V.I.N. JM1NC2NF0B0218657 | | MILEAGE | ESTIMATED DELIVERY DATE ASAP |

CUSTOMER UNDERSTANDS THAT SPECIAL FACTORY ORDERS WILL NORMALLY EXCEED THE 30 DAY CANCEL CLAUSE.

IF THE MOTOR VEHICLE HAS NOT BEEN DELIVERED IN ACCORDANCE WITH THIS CONTRACT WITHIN 30 DAYS FOLLOWING THE ESTIMATED DELIVERY DATE, THE CONSUMER HAS THE RIGHT TO CANCEL THE CONTRACT AND TO RECEIVE A FULL REFUND, UNLESS THE DELAY IN DELIVERY IS ATTRIBUTABLE TO THE CONSUMER.

PLACE OF DELIVERY EAGLE AUTO MALL

| LEASE SUBJECT TO PRIMARY LENDERS TERMS | THE PRICE | |
|---|---|---|
| TERM OF LEASE ___ MONTHS | FACTORY INSTALLED EQUIPMENT | $ 23,624 |
| MILES ALLOWANCE PER YR ___ TOTAL MILES | | |
| 1st PAYMENT | | |
| REFUNDABLE SECURITY DEPOSIT | All rebates assigned | |
| LEASE FEE | to dealer | |
| SALES TAX (UP FRONT) | | |
| LUXURY TAX | | |
| MOTOR VEHICLE FEES | DEALER INSTALLED EQUIPMENT AND SERVICES (+) | |
| CAP COST REDUCTION | TOTAL CASH PRICE | $ |
| SALES TAX ON CAP REDUCTION | Total Down 5,800 + Plates | |
| TOTAL | | |
| DEPOSIT | LESS TRADE-IN (−) | |
| COD | SUB TOTAL | |

| THE TRADE-IN | TAXES AND OTHER FEES (+) | | |
|---|---|---|---|
| DESCRIPTION OF TRADE | | | |
| YEAR | MILEAGE | MAKE | MODEL | SALES TAX ___ % (+) | 2037 | 57 |
| | | N/A | | NYS Required Waste Tire Management Fee ($2.50 per tire) (+) | 12 | 50 |
| PLATE NO. | EXP. DATE | V.I.N. | | *Dealer's optional fee for processing application for registration and/or certificate of title, and for securing special or distinctive plates (if applicable). THIS IS NOT A DMV FEE *$45.00* (+) | 75 | 00 |
| TRADE-IN IS CLEAR OF ALL LIENS EXCEPT: (LIEN HOLDER) | BALANCE DUE | WARRANTY | N.Y. STATE INSPECTION + | 10 | |

CONTRACTUAL DISCLOSURE STATEMENT FOR USED VEHICLE ONLY
THE INFORMATION YOU SEE ON THE (FEDERAL TRADE COMMISSION) WINDOW FORM IS PART OF THIS AGREEMENT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.

| REGISTRATION FEE NEW PLATES ■ RE REG ■ + | |
|---|---|
| PLUS BALANCE OWING ON TRADE | |
| SUB – TOTAL | |

IF YOU AGREE TO ASSIST ME IN OBTAINING FINANCING FOR ANY PART OF THE PURCHASE PRICE, THIS ORDER SHALL NOT BE BINDING UPON YOU OR ME UNTIL ALL OF THE CREDIT TERMS ARE PRESENTED TO ME IN ACCORDANCE WITH REGULATION "Z" (TRUTH-IN-LENDING) AND ARE ACCEPTED BY ME. IF I DO NOT ACCEPT THE TERMS WHEN PRESENTED, I MAY CANCEL THIS ORDER AND MY DEPOSIT WILL BE REFUNDED.

| FACTORY REBATE IF APPLICABLE | |
|---|---|
| TOTAL | 25,759 |

SPECIAL NOTICE TO CONSUMER
IF, UNDER THE LAW OF THE STATE OF NEW YORK CONTROLLING THE SALE OF USED MOTOR VEHICLES, YOU SHOULD BE ENTITLED TO A REFUND IN CONNECTION WITH THIS TRANSACTION, THE VALUE OF ANY VEHICLE YOU MAY HAVE TRADED-IN (IF THE SELLER CHOOSES NOT TO RETURN IT TO YOU) SHALL NOT BE THE VALUE LISTED IN THIS DOCUMENT. INSTEAD, THE VALUE WILL BE DETERMINED BASED ON THE NATIONAL AUTO DEALERS ASSOCIATION USED CAR GUIDE WHOLESALE VALUE OR OTHER GUIDE APPROVED BY THE COMMISSIONER OF MOTOR VEHICLES, AND ADJUSTED FOR MILEAGE IMPROVEMENTS AND ANY MAJOR PHYSICAL OR MECHANICAL DEFECTS.

MINIMUM DEPOSIT: $1000 IN STOCK 10% SPECIAL ORDER

CASH ☐ CHECK ☐ CC ☒ | 100

TOTAL DUE ON DELIVERY — ALL BALANCES MUST BE PAID IN CASH, CASHIERS OR CERTIFIED CHECK ONLY

AMOUNT FINANCED

*PRIOR USE CERTIFICATION (REQUIRED BY VEHICLE AND TRAFFIC LAW 417-A IF THE PRINCIPAL USE OF THE VEHICLE WERE AS A POLICE VEHICLE, TAXICAB, DRIVER EDUCATION VEHICLE OR RENTAL VEHICLE). THE PRINCIPAL PRIOR USE OF THIS VEHICLE WAS AS A POLICE VEHICLE ☐, A TAXICAB ☐, A DRIVER EDUCATION VEHICLE ☐ OR RENTAL VEHICLE ☐.

I HAVE READ THE MATTER ON THE BACK HEREOF AND AGREE TO IT AS A PART OF THIS ORDER THE SAME AS IF IT HAD BEEN PRINTED ABOVE MY SIGNATURE. THE FRONT AND BACK HEREOF, COMPRISE THE ENTIRE AGREEMENT AFFECTING THIS ORDER AND NO OTHER AGREEMENT OR UNDERSTANDING OF ANY NATURE CONCERNING SAME HAS BEEN MADE OR ENTERED INTO. THIS DEALERSHIP REFUND POLICY IS ON BACK OF THIS CONTRACT. I HEREBY CERTIFY THAT I AM EIGHTEEN YEARS OF AGE OR OVER.

**NO DEPOSITS ON SIGNED ORDERS WILL BE REFUNDED BUT MAY BE TRANSFERRED TO ANOTHER VEHICLE.**

BUYER'S SIGNATURE _Phone ORDER_ ___ DATE: ___

SELLER APPROVED BY: ___ DATE: ___
THIS ORDER IS NOT BINDING UNLESS SIGNED AND ACCEPTED BY DEALER OR SALES MANAGER

* Permitted dealer registration or title application processing fee ($45.00 maximum) and dealer plate processing fee ($5.00 maximum) are not New York State or Department of Motor Vehicles fees. Unless one is being recorded or the dealer issues number plates, you may submit your own application for registration and/or certificate of title or for a special or distinctive plate to any motor vehicle issuing office.

## "SOARING ABOVE THE COMPETITION"

EXHIBIT "B"

Case 2:12-cv-03851-JMA-ARL    Document 1    Filed 08/03/12    Page 17 of 26 PageID #: 17





CREDIT CENTER    MONITORING ALERTS    CREDIT SCORE    CREDIT REPORT    IDENTITY PROTECTION    RESOURCES

**MEMBER RESOURCES**

Dispute Center
Credit Resources
Credit Articles
Frequently Asked Questions
Glossary
Log Out

**REFRESH REPORT**
⟳ Free with Membership

**ARE YOU AT RISK
FOR ID THEFT?**
⟳ Take our quiz now

**ACTIVE DUTY STATUS**
⟳ Set your duty status

**EDIT PROFILE**
⟳ Update your info

**CONTACT CUSTOMER CARE**

Call us at **1-866-751-1320**
Monday-Friday 7:30am-9:00pm,
Saturday 10:00am-6:00pm Central
Time
We can also be reached by
email

## Your Credit Report

**PREPARED FOR: ROBERT NOVAK ● 8/2/2012**

Welcome to your credit report. The itemized entries contained within it influence
your credit score, which can be a good reflection of how prospective creditors may
see you. Take a moment to make sure it's accurate – it's your right to dispute
information that you feel is inaccurate.

▸ View Archived Reports

▸ Credit Report Guide

▸ Printable Report

▸ Dispute Information

▸ View More Report Details

When you give permission to pull your credit report a hard inquiry is created, which can affect your credit score.
Checking your own credit report is a soft inquiry and will not affect your credit score. Inquiries remain on your
report for up to two years. Who might ask you for permission to pull a credit report?

- Credit card, mortgage, loan or other lenders
- Potential employers
- Potential landlords

**Sort By** Date

---

### CAPITAL ONE/HSBC

**800-695-6950**
26525 NORTH RIVERWOODS BLVD
METTAWA, IL 60045

| | Experian® | Equifax® | TransUnion® |
|---|---|---|---|
| Business Name | | CAPITAL ONE/HSBC | |
| Inquiry Date | | 5/5/2012 | |
| Business Type | | All Banks | |

### ALLY FINANCIAL

No Phone Provided
PO BOX 12699
GLENDALE, AZ 85318

| | Experian® | Equifax® | TransUnion® |
|---|---|---|---|
| Business Name | ALLY FINANCIAL | | |
| Inquiry Date | 4/30/2012 | | |
| Business Type | Auto Financing Companies | | |

---

### CHASE

**800-869-7720**
900 STEWART AVE FL 3
GARDEN CITY, NY 11530

| | Experian® | Equifax® | TransUnion® |
|---|---|---|---|
| Business Name | CHASE | | CHASE |
| Inquiry Date | 4/30/2012 | | 4/30/2012 |
| Business Type | All Banks - non specific | | Banks and S&Ls |

### CHASE AUTO

**516-745-3622**
900 STEWART AVE
3RD FLOOR
GARDEN CITY, NY 11530

| | Experian® | Equifax® | TransUnion® |
|---|---|---|---|
| Business Name | | CHASE AUTO | |
| Inquiry Date | | 4/30/2012 | |
| Business Type | | All Banks | |

### SANTANDER AUTO

**800-861-6743**
8585 NORTH STEMMONS FWY
STE 1100-NORTH
DALLAS, TX 75247

| | Experian® | Equifax® | TransUnion® |
|---|---|---|---|
| Business Name | | SANTANDER AUTO | |

Inquiry Date    4/30/2012
Auto Financing

©2012 ConsumerInfo.com, Inc.

**CHASE**

**No Phone Provided**
900 STEWART AVE FL 6
GARDEN CITY, NY 11530

|  | Experian® | Equifax® | TransUnion® |
|---|---|---|---|
| Business Name | CHASE |  | CHASE |
| Inquiry Date | 4/25/2012 |  | 4/25/2012 |
| Business Type | All Banks - non specific |  | Banks and S&Ls |

**KIA MOTORS FINANCE**

**866-331-5632**
PO BOX 20815
FOUNTAIN VALLEY, CA 92728

|  | Experian® | Equifax® | TransUnion® |
|---|---|---|---|
| Business Name | KIA MOTORS FINANCE |  |  |
| Inquiry Date | 4/25/2012 |  |  |
| Business Type | Auto Financing Companies |  |  |

**TEACHER'S FC**

**516-698-7000**
2410 N OCEAN AVE
POB 9029
FARMINGVILLE, NY 11738

|  | Experian® | Equifax® | TransUnion® |
|---|---|---|---|
| Business Name |  |  | TEACHER'S FC |
| Inquiry Date |  |  | 4/25/2012 |
| Business Type |  |  | Finance, personal |

**700 CREDIT/EAGLE AUTO**

**631-727-0700**
1320 OLD CONTRY RD
RIVERHEAD, NY 11901

|  | Experian® | Equifax® | TransUnion® |
|---|---|---|---|
| Business Name | 700 CREDIT/EAGLE AUTO |  | EAGLE AUTO M |
| Inquiry Date | 4/20/2012 |  | 4/20/2012 |
| Business Type | Automobile Dealers, Used |  | Automotive |

**CHASE**

**No Phone Provided**
900 STEWART AVENUE
6TH FLOOR
GARDEN CITY, NY 11530

|  | Experian® | Equifax® | TransUnion® |
|---|---|---|---|
| Business Name |  |  | CHASE |
| Inquiry Date |  |  | 4/20/2012 |
| Business Type |  |  | Banks and S&Ls |

**GLOBAL PAYMENTS**

**443-394-1000**
10705 RED RUN BLVD
OWINGS MILLS, MD 21117

|  | Experian® | Equifax® | TransUnion® |
|---|---|---|---|
| Business Name |  | GLOBAL PAYMENTS |  |
| Inquiry Date |  | 2/13/2012 |  |
| Business Type |  | All Banks |  |

**CAP ONE**

**No Phone Provided**
PO BOX 30281
SALT LAKE CITY, UT 84130

|  | Experian® | Equifax® | TransUnion® |
|---|---|---|---|
| Business Name | CAP ONE |  | CAP ONE |
| Inquiry Date | 11/10/2011 |  | 11/10/2011 |
| Business Type | Bank Credit Cards |  | Banks and S&Ls |

**CAPITAL ONE BANK USA**

**No Phone Provided**
15000 CAPITAL ONE DRIVE
PO# 12000-0000130428
RICHMOND, VA 23238

|  | Experian® | Equifax® | TransUnion® |
|---|---|---|---|

 **CreditCheck** MONITORING PREMIUM        Experian

⁴ Return to usaa.com    **CREDIT CENTER**    **MONITORING ALERTS**    **CREDIT SCORE**    **CREDIT REPORT**    **IDENTITY PROTECTION**    **RESOURCES**

**MEMBER RESOURCES**

Dispute Center
Credit Resources
Credit Articles
Frequently Asked Questions
Glossary
Log Out

**REFRESH REPORT**
⟳ Free with Membership

**ARE YOU AT RISK FOR ID THEFT?**
⟳ Take our quiz now

**ACTIVE DUTY STATUS**
⟳ Set your duty status

**EDIT PROFILE**
⟳ Update your info

**CONTACT CUSTOMER CARE**

Call us at **1-866-751-1320**
Monday-Friday 7:30am-9:00pm,
Saturday 10:00am-6:00pm Central
Time
We can also be reached by
email



---

## My Score

See details of your credit score, and more!

▸ Go to My Credit Score

My Experian
Credit Score: **740** ▸ See All 3 Credit Scores

⟨ View Full Size Graph ⟩

## You Have No Alerts

Your Alerts show you key changes to your credit report(s) including new activity and changes to your Experian® Credit Score.

Alerts Emailed to: PetsWarehouse@Gmail.com · Edit

### You have no new Alerts.

We have monitored your credit reports from the three major bureaus (Experian, TransUnion and Equifax) and have not detected any key changes since you last logged in. If we do detect any changes, we will send you an email alert with a link to help you investigate any potential errors or suspicious activity.

**These are some of the areas we monitor:**

New Accounts       Address Changes
New Inquiries       Court Judgements
Late/Missed Payments       Collection Accounts

## My Credit Summary

See the same type of information lenders see when assessing your credit. Your Credit Report is current as of 8/2/2012.

▸ Go to My Credit Report

**CREDIT AND DEBT**    **NEGATIVE INFORMATION**    **LENGTH OF HISTORY**    **CREDIT INQUIRIES**    **ACCOUNT TYPES**

**Hard Inquiries, hard impact.** A "Hard inquiry" is created every time you apply or inquire about new credit or refinancing. Too many hard inquiries are seen as an indication that you're trying to overspend, and they stay on your report for two years!

| Experian® | Equifax® | Transunion® |
|---|---|---|
| Hard Inquiries:   4 | Hard Inquiries:   5 | Hard Inquiries:   3 |

**GETTING YOUR REPORT IS NOT A HARD INQUIRY**

Checking your own credit is not a hard inquiry. An employer doing a background check is not a hard inquiry. In fact, "Hard Inquiries" are only those occasions where you've applied for credit and that creditor or lender requests your report to make a lending decision.

**Remember** – ask yourself before signing a credit application, is this a decision I want to live with for the next two years?

◂ Previous Tab: Length of History         Next Tab: Account Types ▸

---

Home    About Us    Contact Us    Terms & Conditions    Privacy Policy

©2012 ConsumerInfo.com, Inc.

# EXHIBIT ""

**GM** Financial | **AMERICREDIT**

GENERAL MOTORS FINANCIAL COMPANY, INC.

May 24, 2012

Robert Novak
200 South Path
PO Box 400
Calverton, NY 11933

RE:  AmeriCredit Inquiry Date: 4/30/2012

Dear Robert Novak:

Please accept this letter as formal notification that AmeriCredit Financial Services has completed its investigation into the alleged fraud committed by using your personal information to submit an application to AmeriCredit.

AmeriCredit has determined that the application was submitted without your knowledge.  Therefore, AmeriCredit has submitted a request to the appropriate reporting agencies to remove the above listed inquiry from your credit report.  Please be advised it can take credit reporting agencies four to six weeks to update your credit report.

We regret that you were a victim in this matter and hope this remedy will be of assistance.  Please be assured we are taking all actions possible to resolve it appropriately.  Thank you for your cooperation and assistance with this matter.

For any questions please contact the Customer Service Department at 1-800-284-2271.

Hours of Operation:
Monday through Thursday, 7:00 a.m. to 8:00 p.m. CT
Friday, 7:00 a.m. to 7:00 p.m. CT
Saturday, 7:00 a.m. to 7:00 p.m. CT

Sincerely,

GM Financial
Customer Service Department

4001 Embarcadero Drive ~ Arlington TX 76014

EXHIBIT "D"



**Teachers Federal**
**TFCU**
**Credit Union**
Since 1952

The Educated Choice

102 Motor Parkway • Hauppauge, NY 11788
Tel: 631-698-7000 • Fax: 631-698-7004
www.teachersfcu.org

May 21, 2012

Robert Novak
200 South Path
PO Box 400
Calverton, NY 11933

RE: Credit Inquiry 4/25/2012

Dear Mr. Novak,

Thank you for your recent inquiry.  Your letter was forwarded to my attention.

On April 25, 2012, an Indirect auto loan application was submitted to TFCU through Eagle Chevrolet. Eagle Chevrolet maintains all paperwork. Kindly speak with them to obtain copies of the paperwork that you are requesting.

The dealership is located at:

1330 Old Country Road
Riverhead, NY 11901

(631) 727-1100

Sincerely,

Stephanie L. Davies
Consumer Lending Manager

# LaBonte Law Group
**PLLC**

Stevan H. LaBonte
Eva J. Tompkins

100 Ring Road West, Ste. 108
Garden City NY 11530
T: 516-280-8580 • 631.579.6462
F: 631.794.2434
www.LaBonteLawGroup.com

*of Counsel:*
Eric C. Ruland
Lee A. Schwartz
Richard Simon
Christine M. Staiano

June 8, 2012

Mr. Robert Novak
200 South Path
P.O. Box 400
Calverton, NY 11933

Re:    Credit Inquiries & Eagle Auto Mall

Dear Mr. Novak:

This firm represents Eagle Auto Mall ("Eagle"). I am in receipt of your letter dated April 30, 2012 in which you allege that Eagle performed unauthorized credit inquires under your name.

Please be advised that Eagle in no way conducted any unauthorized credit inquires involving your name. Eagle vehemently denies any violation of the Fair Credit Reporting Act or any other federal or state law or regulation. Any and all credit inquires were done at your request and with your express authorization. On or before April 20, 2012 you provided verbal authorization to representatives of Eagle in order to secure financing for the purchase of a motor vehicle. During the phone conversation the Eagle employee informed you that your personal information would be provided to the credit source utilized by Eagle and sent to multiple sources to solicit the best possible credit offer. In order to determine the best credit rates available the credit application is simultaneously forwarded to several lenders. Accordingly, Eagle has not done anything improper.

Eagle has not made any further inquires into your credit history subsequent to the submission of the original application and will not make any future attempts to solicit credit offers on your behalf.

Very truly yours,

LaBONTE LAW GFROUP, PLLC

By: _____
STEVAN H. LaBONTE

EXHIBIT "E"

AMERICREDIT
801 CHERRY ST
SUITE 3900
FT WORTH, TX 76102

Robert Novak
200 South Path
PO Box 400
Calverton NY 11933
4/30/2012

RE: Unauthorized Credit Inquires

To Whom It May Concern,

This letter is a notice to cease unauthorized inquires into my credit report and a formal demand that you immediately contact the credit reporting agencies and bureaus to have your illegal inquiries removed. While checking my personal credit report from all three credit agencies, I noticed an inquiry made by your organization.

The details of the HARD inquiries are as follows: Trans Union **4/30**

Please note that before making this request, I called your credit department and was given a complete run a round.

I have not approved your organization, any person associated with your organization, to make such an inquiry. This violates the Fair Credit Reporting Act, Section 1681b(c): Transactions Not Initiated by Consumer. I also demand that you remove my personal information from your records. Please send written confirmation that you have complied.

If you believe that you posses sufficient signed document that supports your authorization to make the inquiry, please forward a copy so that I may verify its validity.
Your failure to comply with this request shall result in legal action.

Regards,
Robert Novak
631.338.1048